IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

CHRISTOPHER STENSON,

        Petitioner,    :    Case No. 1:14-cv-897

 - vs -    District Judge Timothy S. Black
    Magistrate Judge Michael R. Merz

GEORGE CRUTCHFIELD, Warden,
 Warren Correctional Institution,

    :

        Respondent.

## ORDER VACATING STAY; REPORT AND RECOMMENDATIONS ON THE MERITS

      This habeas corpus case, brought by Christopher Stenson *pro se* under 28 U.S.C. § 2254, came before the Court on Respondent's Motion to Dismiss for lack of exhaustion of state court remedies (ECF No. 9). Petitioner responded with a brief Motion to Stay Proceedings, conceding lack of exhaustion and requesting these proceedings be stayed pending exhaustion (ECF No. 10).

      Because Petitioner's Request for Stay was unopposed, the Magistrate Judge granted it, recommended that the Motion to Dismiss be denied without prejudice, and ordered the Warden to file a status report not later than December 21, 2015 (ECF No. 13). The Warden has now filed a Status Report and Stenson has filed a document entitled Challenging Jurisdiction on which he demands an immediate hearing (ECF No. 17).

      Stenson filed this habeas corpus action November 24, 2014 (Petition, ECF No. 1). Judge Black ordered an answer to be filed by April 10, 2015, which occasioned the filing of the Motion

to Dismiss for lack of exhaustion on that date (ECF No. 9). At the time that Motion was filed, Stenson still had a pending direct appeal to the First District Court of Appeals. *Id.* at PageID 39. However, eight days after the Motion to Dismiss was filed, the First District granted Stenson's motion to voluntarily dismiss the appeal (See Hamilton County Clerk's docket, ECF No. 16, PageID 152). As Respondent points out, this means that Stenson has procedurally defaulted any claims he raised or could have raised on direct appeal in the Ohio courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

In his Petition, Stenson pleads two grounds for relief:

> **Ground One:** I, the petitioner is being unlawfully imprisoned because Case No. B-1207554 did not make it to its proper jurisdiction which is the United States Supreme Court. Article III; the Judicial Branch section 2/clause 2 of U.S. Constitution Article VI; National Debt/Supremacy of the national government clause 2/clause 3 of U.S. Constitution.
>
> **Ground Two:** When the State of Ohio became a party to Case No. B-1207554, it was supposed to go directly to the United States Supreme. Since the case never made it to its proper jurisdiction, this is a violation of my due process pursuant to the 5th and 14th amendments of the U.S. Constitution, and Article III; the Judicial Branch section 2/clause 2, and Article VI; National Debt/Supremacy of the national government clause 2/clause 3 of the U.S. Constitution.

(ECF No. 1, PageID 5-6.) These are substantively the same claim, expressed in slightly different language. This is the same claim made by Stenson in his first Motion Challenging Jurisdiction which the Court struck for failure to properly serve Respondent (ECF No. 11 and notation order). It is the same claim made in Stenson's second challenge to the state court jurisdiction which the Court also struck (ECF No. 14, 15). In the Decision and Order striking the second challenge, the Court also explained why the Challenge was without merit (ECF No. 15, PageID 145-46*)*. The

same claim is again raised in Stenson's third Challenge (ECF No. 17) which presumably crossed in the mail with the Court's Decision and Order explaining the lack of merit since the third Challenge was mailed December 16, 2015. *Id.* at PageID 168.

Based on the Status Report, there is no longer any basis for a stay pending exhaustion since none of the claims in the Petition or made in the three Challenges to jurisdiction are before any state court and there is no remaining procedure in Ohio law which Petitioner is required to use to exhaust these claims.  Therefore the Motion to Dismiss (ECF No. 9) is deemed WITHDRAWN and the stay of these proceedings pending exhaustion (ECF No. 13) is VACATED.

Respondent notes that Stenson has a pending motion to vacate the judgment in the state court for lack of proper notice of the charges.  Since that is not a claim made in the Petition and Stenson has in any event not sought a stay pending decision on that motion, the Court does not consider that motion to vacate further.

Upon examination of the claims made by Petitioner that the state courts lacked jurisdiction to try and punish him for crimes proscribed by the Ohio Revised Code because he was entitled to have them heard originally in the United States Supreme Court, the Petition is found to be without merit for the reasons previously given in the Decision and Order of December 14, 2015 (ECF No. 13).

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein

be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 22, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).